**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LOUIS L. LORILLARD, Defendant**

**LOUIS L. LORILLARD, Plaintiff—Petitioner**

**v.**

**ELAINE G. LORILLARD, Defendant—Respondent**

Civil Nos. 80-1964—94-1964

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

July 1, 1965[1]

*See, also, 242 F.Supp. 1021*

[1] Reversed 5 V.I. 483, 358 F.2d 172.

ALMERIC CHRISTIAN, United States Attorney, St. Thomas, Virgin Islands, *for petitioner*

MAAS and IRELAND (THOMAS D. IRELAND, ESQ., of counsel), St. Thomas, Virgin Islands, *for respondent*

GORDON, *District Judge*

## MEMORANDUM OPINION

On the 2nd day of June, 1965, the motion of the United States Attorney for a new trial came on for hearing. The Court heard the arguments of counsel and took the motion under advisement. The motion, although labeled as a motion for a new trial, is in essence a motion for reconsideration of this Court's decision entered May 7, 1965, 5 V.I. 121.

The United States Attorney alleges that the Court committed three errors in its conclusions of law. He alleges that: (1) the Court erred in its conclusion of law that no duty of support runs from the respondent-former husband to the petitioner-former wife; (2) the Court erred in its conclusion of law that no duty of support runs from the respondent-father to the 18 year old daughter; (3) the Court erred in its conclusion of law that the question of duty is determined by 16 V.I.C. § 342, but that it should have been determined pursuant to 16 V.I.C., Chapter 13, Subchapter III.

 As to point number one, supra, the Court is of the opinion that the Uniform Reciprocal Enforcement of Support Act (16 V.I.C. § 391, et seq.) was never intended by the National Conference of Commissioners on Uniform State Laws or by the Legislature of the Virgin Islands to be used to enforce separation agreements or divorce decrees of the parties. The history of the Act shows that it was aimed primarily to assist wives and children in gaining support from husbands who deserted the family and who were beyond the reach of process in the state where the husband and father had abandoned his family. The social aim of the Act was to compel the "runaway husband" to support his family, thus obviating the necessity of the welfare departments of the state governments to support the abandoned family.

 The duty of responding state, the Virgin Islands in the case at bar, is described in 16 V.I.C. § 421, et seq. If

317

the Court of the responding state, the Virgin Islands in this case, finds a duty to support, it may order the defendant to furnish support. 16 V.I.C. § 423. The duty of support is imposed under the law of any state where the obligor was present during the period for which support is sought. 16 V.I.C. § 411, 9C Uniform Laws Annotated (Reciprocal Enforcement of Support) § 7. In the case at bar the respondent-former husband who had obtained a divorce from the petitioner in the State of Arkansas on July 11, 1962, has been a resident of the Virgin Islands during the entire period in which the petitioner-former wife was seeking enforcement of her decree and separation agreement. Therefore, the law of the Virgin Islands with regard to duty to support would be applicable. An example would be most illustrative. Assume that a resident of the Virgin Islands brings a reciprocal support action in the Virgin Islands Courts against a resident of Missouri for non-support. The law of the responding state, Missouri, would determine the respondent's duty to support and not the law of the initiating state, the Virgin Islands. Title 16 V.I.C. § 342(a)(1) states that a husband and wife are obligated to support each other. The Court is of the opinion that the aforementioned provision of the Virgin Islands Code sets forth the duty of support in the Virgin Islands. Nowhere in the law of the Virgin Islands can the Court find that there remains a duty on the part of a former husband to support his former wife where their marital relationship has been dissolved by a divorce decree. Therefore, the Court rejects the United States Attorney's first point on the motion for a new trial.

As to point number two, supra, the Court is of the opinion that 16 V.I.C. § 342(a)(2) sets forth the duty of support of a parent toward his children. The duty of a parent for his child remains until the child has reached 18 years of age. In the case at bar, the daughter of the

respondent-father has reached 18 years of age. Therefore, the Court rejects the United States Attorney's second point on his motion for a new trial.

The Court rejects the third point of the United States Attorney. The Court agrees with the United States Attorney that 16 V.I.C., Chapter 13, Subchapter III is that portion of the code under which the provisions of the Uniform Reciprocal Enforcement of Support Act operate. The Court would reiterate that 16 V.I.C. § 411 sets forth what law determines the duty of support. Therefore, the Court is compelled to look to that provision of the law which defines the duty of support even though it is not specifically set forth in Title 16 Virgin Islands Code, Chapter 13, Subchapter III, but set forth in Subchapter I.

The premises considered, therefore, the motion of the United States Attorney for a new trial is hereby denied.