**ELAINE G. LORILLARD, Appellant**

v.

**LOUIS L. LORILLARD**

No. 15,548

United States Court of Appeals

Third Circuit

Argued February 4, 1966

Decided March 25, 1966

*See, also, 358 F.2d 172*

ALMERIC L. CHRISTIAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

DAVID E. MAAS, ESQ. (MAAS & IRELAND), Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, *Chief Judge*, and MARIS and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

## OPINION OF THE COURT

■ This is a proceeding by the plaintiff under the Uniform Reciprocal Enforcement of Support Act 1952, 16 V.I.C. §§ 391 et seq., for an order against the defendant, her former husband, for support for herself and their two minor children, Edith and Pierre. The defendant obtained a decree of divorce from the plaintiff in Arkansas on July 11, 1962 and has since remarried and lives with his

present wife at Judith's Fancy in St. Croix in the Virgin Islands. The Arkansas divorce decree incorporated by reference a separation and property settlement agreement between the parties dated October 15, 1958, which made provision for payments by the husband for the support of the wife and children. On October 31, 1963 the plaintiff filed her petition in the Family Court of the City and State of New York under the Uniform Support of Dependents Law of New York[1] seeking support from the defendant for herself and her children. The judge of the Family Court, after examining the plaintiff under oath, transmitted his certificate together with verified copies of the petition and the plaintiff's testimony in the Family Court to the Municipal Court of St. Croix, pursuant to the New York Uniform Act. The Municipal Court docketed the proceeding under Section 17 of the Uniform Reciprocal Enforcement of Support Act 1952, 16 V.I.C. § 421, held hearings at which both parties appeared, and entered a judgment directing the defendant to pay $700 per month for the support of the plaintiff and the two children. From this judgment the defendant appealed, with leave, to the District Court.

The District Court heard the proceeding de novo, as it was then required to do,[2] upon the petition filed in the Family Court of New York, the testimony of the plaintiff in that court and the testimony of the defendant which the District Court itself took on March 23, 1965. On May 7, 1965, the District Court filed its findings of fact and concluded as a matter of law that the defendant has no duty under Virgin Islands law to support the plaintiff because

---

[1] The Uniform Support of Dependents Law is sufficiently similar to the Uniform Reciprocal Enforcement of Support Act, which was approved by the National Conference of Commissioners on Uniform State Laws in 1950 and amended in 1952, to enable courts to give reciprocal effect to the two Acts. Com. ex rel. Shaffer v. Shaffer, 1954, 175 Pa. Super. 100, 103 A.2d 430, 42 A.L.R.2d 761 and annotation thereto.

[2] Trials de novo on appeals from the Municipal Court were abolished by the Act of February 8, 1965, No. 1291, § 10, which amended 4 V.I.C. § 33 so as to make such appeals reviews on the record which had been made in the Municipal Court.

she is no longer his wife, that he has no duty under that law to support their daughter Edith because she is over 18 years old, but that he does have a duty under that law to support their 16 years-old son Pierre. Judgment was entered directing the defendant to pay $125 a month for the support of the son. 5 V.I. 121. Plaintiff's motion for a new trial was denied. 5 V.I. 315, 242 F.Supp. 1021. This appeal by the plaintiff followed. In support of her appeal she urges that the District Court erred in holding that she was not entitled to support from the defendant and also erred in holding likewise as to the right of their daughter Edith to support.

■ Under the Uniform Reciprocal Enforcement of Support Act 1952, 16 V.I.C. §§ 391 et seq., it was the duty of the Municipal Court of St. Croix (now the Municipal Court of the Virgin Islands), as the court of the responding state, upon receipt of the petition and certificate from the Family Court of New York, the court of the initiating State, to determine whether the defendant had a duty to support the plaintiff and their children and, if so, to order the defendant to furnish such support. Upon the appeal, which as we have said was then a trial de novo, the District Court had a similar duty in this case.

■ We consider first the plaintiff's contention that the District Court erred in holding that the defendant had no legal duty to support the plaintiff, his former wife. A duty to support a former wife ordinarily arises only out of an obligation imposed by the court in the divorce proceedings. Keezer, Marriage and Divorce, 3d Ed. 1946, § 560. Certainly the Virgin Islands statutes do not impose upon the former husband after divorce the duty to support his former wife, except as such support is imposed by the decree of divorce under the authority of 16 V.I.C. §§ 109 (3) and 110. But this is not the end of the matter. The present proceeding was brought, as we have seen, under the Uniform Reciprocal Enforcement of Support Act 1952, 16 V.I.C. §§ 391 et seq. Section 20 of that Act, 16 V.I.C. § 423, au-

thorizes the Municipal Court, if it finds a duty to support, to order the defendant to furnish such support. Moreover the Act is broad enough to authorize the enforcement of a duty to support a former wife, if such a duty is found to exist. Bing v. Bing, 1965, 86 N.J. Super. 246, 206 A.2d 606. Section 2(6) of the Uniform Act, 16 V.I.C. § 392(6), defines "duty of support" as including not only such a duty imposed or imposable by law but also such a duty imposed "by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise." In view of this statutory definition it is clear that duty of support imposed by a court order, decree or judgment becomes a duty imposed by the laws of the Virgin Islands within the meaning of section 7 of the Uniform Act, 16 V.I.C. § 411, which provides that duties of support applicable under the Act "are those imposed or imposable under the laws of any State [in the present case, the Virgin Islands] where the obligor was present during the period for which support is sought."

■ Here it appears that the separation agreement of October 15, 1958 between the parties under which the defendant had obligated himself to provide support for the plaintiff and their children, regardless of any future divorce, was made part of the Arkansas divorce decree of July 11, 1962 by reference as though set out therein word for word and the decree ordered that the agreement in its entirety should survive the divorce. It will thus be seen that there is outstanding a court decree which, incidental to a proceeding for divorce, has imposed upon the defendant the duty to support the plaintiff.

■ The District Court appears, however, to have taken the view that the Arkansas decree was not a court decree imposing a duty of support upon the defendant within the definition of section 2(6) of the Uniform Act, 16 V.I.C. § 392(6), because it had not been rendered by a Virgin

Islands court. We think that such a narrow construction of section 2(6) would violate the spirit, as well as the letter, of the Uniform Act and would render the reference to court orders, decrees and judgments in section 2(6) quite unnecessary, if not wholly meaningless. For if the courts of the Virgin Islands are not empowered under the Act to enforce duties of support which have been imposed by the courts of other States their decrees would have to be limited to enforcing only those duties of support which are imposed by the local law of the Virgin Islands. In that situation the inclusion of court orders, decrees and judgments in the definition of section 2(6) would add nothing to the primary phrase in the definition—"any duty of support imposed or imposable by law".

We are satisfied that section 2(6) of the Uniform Act, 16 V.I.C. § 392(6), combined with section 20, 16 V.I.C. § 423, empowers the Municipal Court of the Virgin Islands to enforce a duty of support which has been validly[3] imposed upon the defendant by a judgment, decree or order of the court of another State. Thompson v. Thompson, 1957, Fla., 93 So.2d 90, 93. In so holding we do not mean to say that such a foreign judgment may in every case be enforced, as to the future support payments which it orders, by direct suit upon it in the Virgin Islands. Whether this may be done depends upon considerations of finality under the doctrine of res judicata with which we are not here concerned.[4] For the Uniform Reciprocal Enforcement

---

[3] The defendant cannot be heard to attack the validity of the Arkansas judgment or its binding effect upon him since he procured it and subjected himself to the jurisdiction of the Arkansas court in so doing. Restatement, Conflict of Laws, § 116. See also Sachs v. Sachs 3 Cir. 1959, 4 V.I. 102, 265 F.2d 31.

[4] See Restatements, Judgments, § 41, Comment (a), Conflict of Laws, § 435, Comment (a), § 464. Also, see Sistaire v. Sistaire 1909, 218 U.S. 1.
    It would appear, however, that in Arkansas a decree for alimony based upon an agreement between the parties is final in the sense that, without the consent of the parties, it is not subject to later modification by the court which entered it. Pryor v. Pryor, 1908, 88 Ark. 302, 114 S.W. 700, 129 Am. St. Rep. 102; McCue v. McCue, 1946, 210 Ark. 326, 197 S.W.2d 938; Bachus v. Bachus, 1950, 216 Ark. 802, 227 S.W.2d 439.

of Support Act does not authorize suit upon foreign support judgments, as such, but merely the enforcement of any duty of support which the defendant before the court owes to the plaintiff, whether by virtue of the local law or as validly declared by a foreign court having jurisdiction. Thus, as a matter of reciprocity, the State or Territory by enacting the Uniform Act has chosen to enforce the duty of support declared by a foreign court even though the judgment of the latter is merely interlocutory, as section 2(6) of the Uniform Act, 16 V.I.C. § 392(6), specifically contemplates that it may be, and, therefore, not enforceable under the full faith and credit clause by direct suit upon it.

The framers of the Uniform Act doubtless took into account the fact that a court decree which is entered in a divorce or other proceeding involving the question of support is ordinarily final and definitive with respect to the duty of support which it imposes for the period of time during which the law requires such support to be given. But the amount of support to be given in discharge of that duty is another matter. The amount of support to be given in the future by the person obligated to give it, as distinguished from the duty to give it, is almost universally subject to modification from time to time by the court in the light of changing circumstances of the parties. Accordingly it is only the duty of support determined by the foreign judgment, and not the amount of support thereby decreed, which is binding on the court of the responding State, in our case the Municipal Court of the Virgin Islands, under the Uniform Act. Having found that duty to exist, either under the local law or by virtue of a valid foreign judgment, the Municipal Court is given discretionary power by section 20 of the Uniform Act, 16 V.I.C. § 423, to determine the amount of support to be awarded upon considera-

tion of the resources of the person obligated to give it and the necessities of the party who is to receive it. 16 V.I.C. § 345; Moore v. Moore, 1961, 252 Iowa 404, 107 N.W.2d 97. Compare Allain v. Allain, 1960, 24 Ill. App.2d 400, 164 N.E.2d 611. Thus upon remand of this case to the Municipal Court that court will not be bound by the figures stipulated in the separation agreement, as it might be in a direct suit on the Arkansas judgment, but will take the agreed figures into consideration along with the present resources of the defendant and necessities of the plaintiff in determining in its discretion the appropriate amount of support which the defendant should presently furnish to the plaintiff.

■■ We turn then to the plaintiff's contention that the court erred in holding the daughter Edith not entitled to support because she is over 18 years of age. The duty of parents to support their children is found in 16 V.I.C. § 342, which is in pertinent part as follows:

"§ 342. Persons obligated to support
  (a) The following are obligated to support each other—
    . . .
    (3) parents and children and the legitimate descendants of the latter up to 18 years of age;
    . . ."

The district court apparently read the qualifying clause "up to 18 years of age" as applicable to "children" as well as to "descendants of the latter". We cannot so read the language of the statute. For if the qualifying clause is applicable to "children" as well as to "descendants" it must, as a matter of syntax, be held to be applicable to "parents", which would be an absurd result. In our view the clause in question applies only to descendants of children. The length of time that parents have the duty to support their children must, therefore, be found in other sections of the law.

Among these are sections 341, 345, 349 and 351 of Title 16, V.I.C. Accordingly upon remand the Municipal Court will make such an award of support for the daughter Edith as the law and the facts warrant without regard to the fact that she is not under 18 years of age.

■ The order of support which will be made upon the remand of this case may be subject to modification by the court in future years if and when the situation with respect to the parties changes. Accordingly, since the Municipal Court has general jurisdiction of support orders under the Uniform Reciprocal Enforcement of Support Act, whereas the only jurisdiction of the District Court of such orders is on appeal, we will direct the remand of the case to the Municipal Court where it originated.

The order of the District Court will be reversed and the cause will be remanded to that Court with directions to remand it to the Municipal Court for further proceedings not inconsistent with this opinion.