STEVEN KEITH GALVAN and COMMISSIONER
OF LABOR

v.

HESS OIL VIRGIN ISLANDS CORPORATION and VIRGIN
ISLANDS WATER AND POWER AUTHORITY

VIRGIN ISLANDS WATER AND POWER
AUTHORITY, Appellant

No. 76-2315

HESS OIL VIRGIN ISLANDS CORPORATION, Appellant

No. 76-2316

United States Court of Appeals

Third Circuit

Argued December 6, 1976

Filed February 8, 1977

---

IRWIN J. SILVERLIGHT, ESQ. (NICHOLS & SILVERLIGHT), Christiansted, St. Croix, V.I., *for appellant Virgin Islands Water and Power Authority*

JAMES W. DIEHM, ESQ. (ISHERWOOD, COLIANNI, ALKON & BARNARD), Christiansted, St. Croix, V.I., *for appellant Hess Oil Virgin Islands Corporation*

JEFFREY L. RESNICK, ESQ. (JAMES & RESNICK), Christiansted, St. Croix, V.I., *for appellee Galvin*

Before SEITZ, *Chief Judge* and GIBBONS and HUNTER, *Circuit Judges*

HUNTER, *Circuit Judge*

This interlocutory appeal, granted pursuant to 28 U.S.C. § 1292(b),[1] presents two intriguing issues of statutory construction of the Virgin Islands Code as it applies to

---

[1] 28 U.S.C. § 1292(b) provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

workmen's compensation third party suits and their statute of limitations. First, we are asked to determine whether or not the Code's infancy tolling provision also applies to third party suits described in the workmen's compensation chapter. Second, if we decide that the tolling provision does apply, we are asked to consider the effect on that tolling provision of the legislative lowering of the age of majority. We hold that the infancy tolling provision of 5 V.I.C. § 36 does apply to third party suits described in 24 V.I.C. § 263, and that the lowering of the "age of majority" in the title on family relations, 16 V.I.C. § 261, does not affect the infancy provision of the general tolling statute, 5 V.I.C. § 36.

## I.

Steven Keith Galvan was 18 years old on June 1, 1973, when he was injured in the course of his employment. On that day his employer, Fisher-Hess Construction Company (Fisher-Hess), sent him, as a member of a construction crew, to work on property belonging to Hess Oil Virgin Islands Corporation (Hess Oil). The job consisted of adding crushed rocks to a firewall; it involved using a large hydraulic crane, supplied by Hess Oil, and operated by Fisher-Hess employees, to dump the crushed rocks. Galvan was injured when a cable attached to the upper end of the crane's boom brushed against an uninsulated distribution phase wire belonging to the Virgin Islands Water and Power Authority (VIWAPA). Galvan was at that moment touching the crane's clam-bucket fastened to the cable's lower end; he received a severe shock, burns, and other injuries.

Galvan applied for and received workmen's compensation benefits, as provided in 24 V.I.C. §§ 251–285. Although those benefits are exclusive as regards the employer's

liability,[2] they are not the injured employee's sole remedy. If the third party is potentially liable for the injury the employee may proceed against that third party. If the workmen's compensation board has already made payments to the employee for that injury, it too may proceed against that third party to recover the benefits it has paid. In any event, if workmen's compensation payments have been made, the Commissioner will be joined as a plaintiff in an employee's suit. 24 V.I.C. § 263.

Galvan apparently thought that Hess Oil and VIWAPA would be liable to him in a tort suit for his injuries. He filed a complaint against Hess Oil and VIWAPA on February 12, 1976.[3] The statute of limitations of 24 V.I.C. § 263 was raised as an affirmative defense. Galvan responded that the 1975 amendment to 24 V.I.C. § 263 made clear that the Code's general tolling provisions were intended to apply to § 263 cases. If so, he had until two years after his 21st birthday to bring the suit; he moved to strike the affirmative defense.

Hess Oil and VIWAPA then moved for summary judgment, arguing that 1) the applicable statute was 24 V.I.C. § 263 as it was worded at the time of the injury, and as interpreted by this court in Berkeley v. West Indies Enterprises, Inc., 480 F.2d 1088 (3d Cir. 1973), and 2) in any event, no disability tolling could occur because the age of majority had been lowered to 18.

The district judge ruled that 1) the general disability provisions of 5 V.I.C. § 36 do apply to third party claims described in 24 V.I.C. § 263 and 2) the change of age in 16 V.I.C. (Domestic Relations) § 261 does not affect the

---

[2] 24 V.I.C. § 284 provides:

> When an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist.

[3] Galvan also joined—as a plaintiff—the Virgin Islands Commissioner of the Department of Labor, as he is required to do by 24 V.I.C. § 263.

infancy tolling provision in 5 V.I.C. § 36. Thus the Court held that Galvan was not barred from bringing his tort action against Hess Oil and VIWAPA. For the following reasons, we agree.

## II.

At the outset, in deciding whether third party claims described in 24 V.I.C. § 263 are governed by the general tolling provisions of 5 V.I.C. § 36, we must determine which § 263 applies—§ 263 as it existed at the time of Galvan's injury in 1973, or as amended in 1975.

Section 263 prior to its 1975 amendment[4] provided for

---

[4] In its entirety, 24 V.I.C. § 263 prior to the 1975 amendment read as follows:

§ 263. Liability of third persons; subrogation

In cases where the injury, the occupational disease, or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death, within one year following the date of the final decision of the case by the Commissioner, who may subrogate himself to the rights of the workman or employee or his beneficiaries to institute the same action in the following manner:

When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the Government Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Commissioner shall subrogate himself to the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third person in the name of the injured workman or employee or of his beneficiaries, within 90 days following the date of the final decision of the case, and any sum which as a result of the action, or by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Commissioner under the provisions of this section, and it shall be the duty of the Commissioner to serve written notice on them of such proceedings within 5 days after the action is instituted.

If the Commissioner should fail to institute action against the third person responsible within the term of 90 days from the date of the final decision of the case, the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the Government Insurance Fund for the expenses incurred in the case.

The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, until after the expiration of the 90 days from the decision of the case by the Commissioner.

No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third person responsible, made before the expiration of the term of 90 days after the decision or after the

641

subrogation by the Commissioner of the Virgin Islands Department of Labor in claims on behalf of the injured employee against third parties, in order to recover any amounts paid to the employee under the workmen's compensation act. The procedure was as follows. Beginning with the date of the agency's final decision on the employee's claim for workmen's compensation payments, the Commissioner would have 90 days within which to bring suit, as subrogee, against third parties. After that 90 day period expired, the employee would have one year from the date of the final decision, that is, some nine months, within which to bring suit on his or her own behalf, although even then the employee was required to join the Commissioner as a plaintiff. Thus the Commissioner was assured a recoupment of workmen's compensation payment whenever the employee recovered at least that amount from a third party tortfeasor. Whether the suit was brought by the Commissioner or the employee, any excess over the recouped workmen's compensation payments was for the employee.

We construed the time limits of old § 263 as a specific statute of limitations, controlling whenever an employee who had received workmen's compensation benefits then brought suit against a third party. Berkeley v. West Indies Enterprises, Inc., 480 F.2d 1088 (3d Cir. 1973). The

expiration of said term, if the Commissioner has filed his complaint, shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund in the case are first paid. No judgment shall be entered in actions of this nature, and no compromise whatsoever as to the rights of the parties to said actions shall be approved, without making express reserve of the rights of the Government Insurance Fund to reimbursement of all expenses incurred. The clerk of the court taking cognizance of any claim of the above-described nature, shall notify the Commissioner of any order entered by the court which affects the rights of the parties to the case, as well as the final disposition thereof.

The Commissioner may compromise as to his rights against a third party responsible for the damages. No such extrajudicial compromise, however, shall affect the rights of the workman or employee, or of his beneficiaries, without their express consent and approval.

Any sum obtained by the Commissioner through the means provided· in this section shall be covered into the Government Insurance Fund.

injured employee in Berkeley filed a third party complaint after the specified one year from the date of the agency's final decision, but before the expiration of the general two year statute of limitations applicable to tort suits, 5 V.I.C. § 31(5). This court rejected the argument that the general two year statute of limitations would apply, on the grounds that a special statutory period had been chosen for § 263 cases; moreover, the language of § 263 was adopted from the parallel Puerto Rican statute and Puerto Rico's statute had been interpreted to provide a special statute of limitations for such cases.

In response to the Berkeley holding, the Virgin Islands Legislature amended § 263,[5] in an Act whose preamble is worth noting:

---

[5] As amended, 24 V.I.C. § 263 now reads:

§ 263. Liability of third person; subrogation

In cases where the injury, the occupational disease or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death within two years following the date of the injury. The Commissioner may subrogate himself to the rights of the workman or employee or his beneficiaries to institute the same action in the following manner:

When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the Government Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Commissioner shall subrogate himself to the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third person in the name of the injured workman or employee or of his beneficiaries, within two years following the date of the injury, and any sum which as a result of the action, or by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Commissioner under the provisions of this section, on them of such proceedings within five days after the action is instituted.

The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, unless the Commissioner is a party to the action or agrees to the compromise.

No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third person responsible shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund in the case are first paid. No judgment shall be entered in actions of

643

WHEREAS the following amendment is to be construed liberally in favor of the Commissioner of Labor and any injured workman;

WHEREAS it was never the intent of the Legislature to shorten the normal two-year Statute of Limitations of tort actions but only to toll it until such time as a final order in any compensable case could be entered by the Commissioner of Labor; and

WHEREAS by reason of certain ambiguity in the present statute, Title 24, Virgin Islands Code, section 263, there has been some contention that said present statute creates a special class of tort claimants, namely workmen, and discriminates against them by specifying a shortened Statute of Limitations in which to seek judicial relief; and

WHEREAS it was never the intent of the Legislature to shorten the two-year Statute of Limitations nor was it the intent for said present Statute to be in derogation of the normal Statute of Limitations; and

WHEREAS it was only the intent of the Legislature to protect the Commissioner of Labor's right of subrogation and to afford his Department sufficient time in which to fully investigate any compensation case before it; and

WHEREAS in fact it was indeed the intention of the Legislature with the present statute to extend the Statute of Limitations for the benefit of the Commissioner of Labor for any injured claimant; and

WHEREAS the following amendment is to be remedial and curative by removing any ambiguities therein; . . . .

■ The changes made in § 263 provide that 1) instead of using the date of the agency's decision to begin a time

_____

this nature and no compromise whatsoever as to the rights of parties to said actions shall be approved, without making express reserve of the rights of the Government Insurance Fund to reimbursement of all expenses incurred. The clerk of the court taking cognizance of any claim of the above-described nature, shall notify the Commissioner of any order entered by the case, as well as the final disposition thereof.

The Commissioner may compromise as to his rights against a third party responsible for the damages. No such extrajudicial compromise, however, shall affect the rights of the workman or employee, or of his beneficiaries, without their express consent and approval.

Any sum obtained by the Commissioner through the means provided in this section shall be covered into the Government Insurance Fund.

period, the employee's date of injury will be used; 2) after that date the employee will have two years within which to bring suit; and 3) there is no 90 day, or other, period during which only the Commissioner can bring suit; the Commissioner is entitled to do so within two years of the employee's injury. The amendment was specifically declared retroactive "to all causes of action accruing before the date of enactment." Virgin Islands, Act of Jan. 16, 1975, No. 3662, § 2.

In view of the declared retroactive application of amended § 263, we find no reason to apply the old § 263 to this case. Thus we avoid any confrontation with our holding in Berkeley, supra. In any event, we note that even in Berkeley we did not discuss the applicability of the general tolling provisions.

We are persuaded that the legislature, in amending § 263, intended to place all injured employees on an equal procedural footing: those who received workmen's compensation benefits would have the same rights against third party tortfeasors as those who received none.[6] Given the

---

[6] The legislative history consisting of the discussion on the floor when the amendment was passed supports our view and is reproduced in its entirety:

Senator Molloy: Mr. Armstrong.

Mr. Armstrong: Thank you, Mr. President; under the existing law if a person is covered by Workmen's Compensation their statute of limitation for filing suit is one-half of what it would be if they were not in compensation. The purpose of this law is to create, that is, to do away with the inequities of that situation where at the present time we penalize the person if they were in Workmen's Compensation.

Senator Molloy: Any further discussion on this bill? Senator Bryant.

Senator Bryant: I just would state that I certainly am in favor; I'm aware of the problem. I certainly have no conflict; I have no claim which is affected by it. However, there is a potential of many of cause [sic] that could be effected by this, as a result of this interpretation which indicates that one person who doesn't have Workmen's Comp., has a two year statute of limitation. Anyone covered by Workmen's Comp., doesn't. In effect the government may in effect have 190 days. I think it is a good bill. I would call it more of a housekeeping measure more than anything to rectify the two situations that now exist; Workmen's Compensation and the people that are not.

Senator Molloy: Any further discussion on the bill?

Senator Dawson: Roll call.

remedial nature of the workmen's compensation act,[7] and the legislative mandate to construe the amended § 263 liberally in favor of any injured employee, we are not inclined to penalize one class of injured employees—those who have received workmen's compensation benefits.

To return to a basic point, the suits here involved are negligence suits. They are not suits created by a novel statutory scheme; they are simple personal injury suits. There is clearly no requirement that an injured employee must request workmen's compensation payments; the employee can decide to proceed solely against a third party tortfeasor just as any other claimant can.[8] In that situation, the two year statute of limitations[9] and the tolling provisions[10] of 5 V.I.C. § 36 would apply. In particular, an 18-year-old injured employee would benefit

[7] As stated by Judge Maris, sitting by designation in the Virgin Islands district court: "Being remedial in nature the Act must be given a liberal construction in favor of the employees it seeks to protect." Carmona v. DeJongh, 157 F.Supp. 540, 542 (V.I. 1958).

[8] As stated in Ayala v. Marshall, 6 V.I. 615 (Mun. Ct. 1968), it does not follow that by granting the employee a right to receive workmen's compensation the statute deprives him of the right to seek damages alone at common law. "That employees who in the course of their employment are injured by the negligence of a third person have a common remedy against such third person is clear." Id. at 619. In Ayala, the injured employee has not requested workmen's compensation payments.

[9] Two years is the statute of limitations for

(A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated.

(B) An action upon a statute for a forfeiture or penalty.

5 V.I.C. § 31(5).

[10] 5 V.I.C. § 36 provides:

(a) If any person entitled to bring an action mentioned in this chapter is, at the time the cause of action accrues—

(1) under the age of twenty-one years; or

(2) insane; or

(3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life—the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases.

(b) No person shall avail himself of a disability unless it existed when his right of action accrued.

(c) When two or more disabilities exist at the time the right of action accrues the limitation shall not attach until all such disabilities are removed.

from a tolling of the two year statute until he or she reached age 21. Nor is anyone unfairly harmed by allowing the injured employee to proceed under the normal tolling provisions. The Commissioner is assured of recouping the amount paid in workmen's compensation, to the extent that the employee recovers it in the third party suit; any excess will go to the employee. The only party who may complain is the third party tortfeasor, but that complaint is not freighted with justice, since the tortfeasor will not be liable for double payments for the same wrong.[11]

■ We see the purpose of 24 V.I.C. § 263, as amended, to be assurance that the Commissioner will be able to recoup payments when a third party tortfeasor is found liable. As such it governs the relationship between the recipient employee and the Commissioner, and the relationship between the Commissioner and a third party tortfeasor, but is not intended—as the amending legislative history makes clear—to interfere with the relationship between the injured employee and the third party tortfeasor.[12] An incident of that "normal" relationship between an injured employee and an alleged third party tortfeasor is the tolling of the statute of limitations whenever the plaintiff is "under the age of twenty-one years." Thus we hold that the tolling provisions of 5 V.I.C. § 36 do apply to suits by injured employees against third party tortfeasors.[13]

---

[11] See Waterman Steamship Corp. v. Rodriguez, 290 F.2d 175, 178 (1st Cir. 1961) (Puerto Rico Workmen's Compensation Act's subrogation provision "not intended to provide a shield for a third party tort-feasor whose only legitimate concern is to be protected against double liability . . . .").

[12] Cf. Mays v. Liberty Mutual Insurance Co., 323 F.2d 174, 177 (3d Cir. 1963) (beyond dispute that Pennsylvania Act does not alter employee's rights against third parties).

[13] We note that this holding gives no such tolling protection to the Commissioner when he or she brings the suit, as provided in 24 V.I.C. § 263. The Commissioner will have two years within which to bring suit as the employee's subrogee. Because, however, the employee—whenever he or she brings suit—must join the Commissioner as a party plaintiff, the Commissioner will not miss recoupment opportunities, and the employee will not receive "double" recoveries.

## III.

The second issue before us is whether the 1972 amendment to 16 V.I.C. (Domestic Relations) § 261, which changed the "age of majority" from 21 to 18, has amended by implication the infancy tolling provision in 5 V.I.C. (Judicial Procedure) § 36(a)(1) to read that the statute is tolled only if one is under age 18. Since Galvan was already 18 at the time of the injury, defendants contend that the tolling provision would not apply here, even if it did apply to 24 V.I.C. § 263.

■ Our first consideration—well described by the district judge—is a presumption against amendments by implication. If the legislature has not directly amended a statute, it is only in the rarest case that a court should rule the statute amended. See, e.g., United States v. Welden, 377 U.S. 95, 102 n. 12 (1964) (amendments by implication not favored). To do so is to rule that a statute does not mean what it plainly says. A reader of 5 V.I.C. § 36(a)(1) would not know that "under the age of twenty-one years" means "under the age of eighteen years." The tolling statute nowhere refers to an "age of majority", which would alert a reader to look elsewhere. When presented with a similar issue in Tavernier v. Weyerhaeuser Company, 309 F.2d 87 (9th Cir. 1962), the Ninth Circuit reached a common sense solution: "When the tolling statute says, with no exceptions, 'within the age of 21 years,' we think that all persons within that age should be entitled to rely upon its plain import, rather than required to read it as if it said 'within the age of majority.' " Id. at 90.

■ We have also considered legislative intent in amending the age of majority provision, 16 V.I.C. § 261.[14] First,

---

[14] Prior to 1972, 16 V.I.C. § 261 read:

§ 261. Age of majority; effects

All persons are deemed to have arrived at majority at the age of 21 years, and thereafter shall have control of their own actions and business and have all the rights and be subject to all the liabilities of persons of full age.

the Act that amended 16 V.I.C. § 261 also amended an unrelated section in the same title, 16 V.I.C. § 231, dealing with emancipation by parental consent for the purpose of administering property. In that section, the previous age 18, was lowered to age 16.[15] The Act itself contains no preamble expressing its purpose.[16] We find it significant, however, as did the district judge, that on that same day the Legislature passed two other acts altering age requirements; one act related to the capacity to devise real property, the other dealt with parental consent for marriage. This piecemeal approach speaks against an intent to establish a blanket age change.

■ Thus we hold that the age of majority provision appearing in the title labelled "Domestic Relations," 16

---

After the 1972 amendment, the section reads:

§ 261. Age of majority; effects

All persons are deemed to have arrived at the age of majority at the age of 18 years, and thereafter shall have control of their own actions and businesses and have all the rights and be subject to all the liabilities of persons of full age.

Unfortunately, the floor remarks concerning the amending Act are presently unavailable.

[15] As amended 16 V.I.C. § 231 reads:

§ 231. Emancipation by parental consent

Any minor who has completed the age of 16 years may, with the consent of his parent or parents, be emancipated by a decree of the district court for the purpose of administering his property, in the manner prescribed in this subchapter. Emancipation may be petitioned for either by a relative of the minor or by the minor himself.

[16] Act 3335, Nov. 29, 1972, reads:

AN ACT

To Amend Chapter 9 of Title 16 of the Virgin Islands Code, Pertaining to Emancipation by Parental Consent and To Lower the Age of Majority From Twenty-one to Eighteen Years of Age.

*Be it enacted by the Legislature of the Virgin Islands:*

Section 1. Section 231 of chapter 9 of Title 16, Virgin Islands Code, is amended by deleting the numerals "18" appearing in the first sentence of said section and substituting in lieu thereof the numerals "16".

Section 2. Section 261 of chapter 9 of Title 16, Virgin Islands Code, is amended to read as follows:

All persons are deemed to have arrived at the age of majority at the age of 18 years, and thereafter shall have control of their own actions and businesses and have all the rights and be subject to all the liabilities of persons of full age.

The reference to having all the rights and being subject to all the liabilities of persons of full age does not alter our approach; even persons "of full age" are entitled to the disability provisions for insanity and imprisonment, and the tolling provision makes no reference to "persons of full age," rather the disability provisions are said to apply to *any* person.

649

V.I.C. § 261, does not affect the tolling provision appearing in the "Judicial Procedure" title, 5 V.I.C. § 36(a)(1). One who reads the phrase in 5 V.I.C. § 36(a)(1), "under the age of twenty-one years," is entitled to proceed as if it means "twenty-one years."

## IV.

The interlocutory order of the district judge that defendants' statute of limitations affirmative defense be stricken will be affirmed.