INVESTIGATIONS UNLIMITED, a Division of Edward L. Kalik
Enterprises, Ltd., Plaintiff

v.

ALL AMERICAN HOLDING CORP., FIRST MORTGAGE INVES-
TORS and TRIBOROUGH HOTEL CORP., Defendants

Civil No. 751/1978

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 14, 1979

GEORGE MARSHALL MILLER, ESQ., St. Thomas, V.I., *for plaintiff*

JOHN A. ZEBEDEE, ESQ., St. Thomas, V.I., *for All American Holding Corp.*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

Defendant All American Holding Corporation on August 23, 1979, filed a notice of appeal and a motion for a stay of the court's judgment of August 13, 1979.[1] In its motion, the defendant also requests that it be permitted to post St. Croix real estate "in lieu of a supersedeas bond." Plaintiff opposes the motion for a stay of execution as well as defendant's request regarding the supersedeas bond.

■■ Plaintiff suggests that this court has the inherent power to deny the request for such a stay. The Territorial Court is not a federal court. However, the Territorial Court, pursuant to 5 V.I.C. App. IV, R. 7, must conform to the Federal Rules of Civil Procedure where there is no local court rule to the contrary. There being no local rule to the contrary, this court believes it should follow the

---

[1] On August 13, 1979, the court entered a judgment on behalf of the plaintiff and against the defendant All American Holding Corporation in the amount of $25,107.65, plus interest, costs in the amount of $736.00 and $1,600.00 in attorney's fees.

mandate of Fed. R. Civ. P. 62 as interpreted by the federal courts.[2] In that regard, Mr. Justice Harlan in considering an application for a stay pending certiorari stated in American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theaters, Inc., 87 S.Ct. 1, 3 (1966):

> With respect to a case arising in the federal system, it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts the bond in accordance with Fed. R. Civ. P. 62(d) and 73(d),[3] see In re Federal Facilities Realty Trust, 7 Cir., 227 F.2d 651, 655; 7 Moore, Federal Practice ¶ 62.06 (2d ed. 1955); 3 Barron & Holtzoff, Federal Practice and Procedure Section 1374 (rules ed. 1958), and I perceive no countervailing reason why at the certiorari stage this federal policy should not be applied to state cases presenting arguably substantial federal questions.

See In re Lewis Jones, Inc., 369 F.Supp. 111, 115 (E.D. Pa. 1973); Dewey v. Reynolds Metals Company, 304 F.Supp. 1116, 1118 (W.D. Mich. 1969); 11 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2905, at 326 (1973). Thus, this court believes that upon the posting of a supersedeas bond, since this is an appeal from a money judgment, the defendant does have a right to a stay of execution.

■■ Plaintiff, however, raises a more difficult question regarding the posting of a supersedeas bond. Clearly under Rule 62(d) no stay will enter until a supersedeas bond is

---

[2] Rule 62(d) provides:
 (d) *Stay Upon Appeal.* When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.
 The exceptions contained in subdivision (a) of Rule 62 are not applicable to this case.

[3] Former Rule 73(d) was rescinded in 1968, but this court does not believe the amendments in any way changed the general rule that stays should issue as a matter of right in cases involving a money judgment. 11 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2905, at 326.

furnished and is approved by the court. As indicated, the defendant All American Holding Corporation has asked that the plaintiff's prejudgment attachment of the defendant's St. Croix real estate be "allowed to stand in lieu of a supersedeas bond." Plaintiff contends that the court "may not properly permit substitution of St. Croix real estate in lieu of a supersedeas bond." It also contends that "more importantly, for the reasons outlined above,[4] and in the interest of justice and fair play, the court should not do so even if it could properly do so." Plaintiff is correct in its position regarding the posting of real property in lieu of a supersedeas bond, but does not address the issue or cite the court to any authority for the proposition that the court may not permit a substitution of real estate to secure a supersedeas bond. Although defendant has not asked for permission to utilize real estate as security for the supersedeas bond, the court believes that to be the thrust of defendant's motion. The court believes the difficulty that has arisen here is due to the fact that the defendant has misconstrued the meaning of a supersedeas bond. "A supersedeas bond is a bond to answer for damages, i.e., to pay the damages which the appellee may sustain by reason of the appeal if it is unsuccessful. Those damages are not limited to the damages sustained by reason of the delay in payment of the judgment, but include the amount of the judgment itself." Louisville Trust Co. v. National Bank of Kentucky, 3 F.Supp. 923, 926 (E.D. Ky. 1933).

 Thus while the court may not waive the requirements of a supersedeas bond for a stay, the court is of the view that it may permit the posting of real estate as sufficient security for a supersedeas bond. The court takes this

---

[4] Plaintiff contends "defendant has no intention of honorably living up to its financial obligation and apparently intends to prolong litigation and avoid paying plaintiff . . . under the guise of what seems to be a frivolous appeal." Plaintiff also alleges defendant intends to force collection by way of a judicial sale of the defendant's St. Croix property.

position because it has been held that courts have the power to provide for the form and the amount of security for a stay pending appeal. Trans World Airlines, Inc. v. Hughes, 314 F.Supp. 94, 96 (S.D.N.Y. 1970). In fact, it has been stated that courts have inherent power to provide for a bond in a lesser amount than would be necessary to satisfy the judgment in full or to permit security other than the bond. 11 Wright and Miller, supra, § 2905, at 328. For example, in C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc., 368 F.Supp. 501, 520–21 (E.D. Pa. 1973), the court specifically found that it had the authority to grant a stay without the posting of a supersedeas bond in an amount equal to the verdict plus counsel fees and costs. There the court concluded the defendants were without sufficient assets to satisfy the judgment or to obtain a bond in such an amount and that execution on the judgment would have resulted in the insolvency of the individual defendants. As a result, the district court fashioned another form of security to satisfy the requirements of the supersedeas bond.

Consequently, this court believes it has similar authority, pursuant to Rule 62(d), and will grant the motion for a stay of execution. Said stay of execution, however, will be conditioned upon the defendant posting a supersedeas bond in the amount of $35,000, which may be done by the defendant posting a cash bond, a surety bond or a bond secured by good and sufficient security in the amount of $35,000.[5] The plaintiff in opposing the posting of real property states that title to the St. Croix property of the defendant "is somewhat cloudy." Either there is or there is

---

[5] Plaintiff contends defendant intends only to appeal the award of attorney's fees. The notice of appeal, however, states the defendant is appealing "the final judgment entered in this action on the 13th day of August, 1979." Since that judgment awarded plaintiff $25,107.65 plus interest, costs and attorney's fees, this court cannot divine how the appeal is only of the court's award of attorney's fees. If that turns out to be the case, the court then upon appropriate motion will consider whether there should be only a partial stay of execution as suggested by the plaintiff.

not a cloud on title. In any event, if defendant chooses to post a supersedeas bond that is secured by real estate, it will be defendant's obligation to satisfy the court that the security is good and sufficient to satisfy the judgment in full together with costs, interest and damages for delay if for any reason the appeal is dismissed or the judgment is affirmed. In addition, defendant will have to satisfy the court as to the value of the property and that defendant in fact has clear title to the property. Accordingly it is

ORDERED that defendant's motion for a stay of execution be and hereby is granted, provided, however, that such stay of execution shall not issue until a supersedeas bond in the amount of $35,000, secured by cash or other sufficient security, is posted with the court and approved by the court. Said bond and security shall be conditioned for the satisfaction of the judgment in full together with costs, interest and damages for delay, if for any reason the appeal is dismissed or the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may adjudge and award.