**ALPHA J. ISAAC, Plaintiff**

v.

**CYNTHIA V. ISAAC, Defendant**

Family No. D95/1988

Family No.  D235/1988

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 27, 1990

RENEE D. DOWLING, ESQ., V.I., *for plaintiff*

CYNTHIA V. ISAAC, Bronx, N.Y., *pro se*

CABRET, *Judge*

## MEMORANDUM OPINION

This case is before the Court on plaintiff's motion to stay the execution of a New York divorce decree which has been registered in the Virgin Islands. Plaintiff claims that the New York divorce decree cannot be granted full faith and credit because the New York Court lacked in personam jurisdiction over him since he relinquished his New York domicile before the New York court entered its decree. Plaintiff further claims that the portion of the divorce decree which awarded defendant the sum of $3,500.00 as reimbursement for wedding expenses was specifically pled and therefore cannot be subject to full faith and credit. The Court must decide whether the New York divorce decree may be recognized and enforced in the Virgin Islands.

### I. FACTS

In November, 1986 plaintiff, Alpha Isaac, filed an action for divorce in the Supreme Court of the State of New York, Bronx County. Defendant, Cynthia Isaac, answered and filed a counterclaim for divorce based on cruel and inhumane treatment. Defendant in her

counterclaim sought an equitable division of the marital assets of the parties as well as a distributive award. Plaintiff did not answer defendant's counterclaim and took no further action in the prosecution or defense of his divorce proceeding in New York.

Prior to trial in 1988, plaintiff discharged his New York attorney, moved to St. Croix, and initiated a new divorce proceeding in the Territorial Court of the Virgin Islands.[1] On March 22, 1988 he sent the complaint filed in the St. Croix action along with an acknowledgment of summons by certified mail, return receipt requested, to the defendant in New York. On May 12, 1988 the Virgin Islands Court entered the divorce decree in favor of the plaintiff based on defendant's default.

Meanwhile, a trial date was scheduled for April 4, 1988, in the Supreme Court of New York on the original action. Plaintiff was not personally served but the Findings of Fact the New York proceeding clearly show that Plaintiff had been notified of the April 4, 1988 trial date by the New York attorney who he had discharged before moving to St. Croix. Despite this notification, plaintiff failed to appear in the New York proceeding on April 4, 1988. The New York Court continued the matter to May 6, 1988 thereby granting the plaintiff an additional thirty days to appear. Defendant sent notice of the May 6, 1988 trial date to plaintiff by certified mail, return receipt requested, to his last known address in New York. The letter was returned unclaimed and defendant then proceeded to send notice to plaintiff at the only address she had for him on St. Croix: that of the attorney representing him in the St. Croix divorce proceeding. Defendant also sent a certified letter, return receipt requested, directly to plaintiff's St. Croix attorney. Acknowledgements of receipts for both letters were signed by the attorney's secretary.

The New York Court proceeded to trial on May 6, 1988 in plaintiff's absence, accepting defendant's affirmation of mailing as adequate service upon the plaintiff. The Court heard evidence on defendant's counterclaim for divorce and equitable distribution of the marital assets and entered a divorce decree and judgment in favor of defendant on her counterclaim.

Although the issue of reimbursement for wedding expenses was not raised in defendant's counterclaim, the New York Court awarded defendant the sum of $3,500.00 as reimbursement for one-half of the

---

[1] Isaac v. Isaac, Territorial Court Fam. No. D95/1988, Division of St. Croix.

parties' wedding expenses. The total sum of the judgment awarded to defendant was $18,014.00. Thereafter, defendant registered her New York divorce judgment in the Virgin Islands. When she sought to execute upon it, plaintiff filed a motion to stay execution of the New York divorce judgment.

## II. DISCUSSION

### A. *In Personam Jurisdiction*

█ It is fundamental law that under the full faith and credit clause of the United States Constitution, Article IV, § 1, and its implementing statute, 28 U.S.C. § 1738, full faith and credit must be given to valid judgments of sister states and territories. Holm v. Shilensky, 388 F.2d 54, 56 (2d Cir. 1968) (citations omitted). This full faith and credit recognition requirement includes divorce judgments. Atherton v. Atherton, 181 U.S. 155 (1901). However, the court rendering the judgment must have subject matter as well as in personam jurisdiction. Milliken v. Meyer, 311 U.S. 457 (1940). Additionally, the rendering court must have acted in accordance with due process of law. Williams v. State of North Carolina, 317 U.S. 287 (1942).

█ Plaintiff herein argues that full faith and credit cannot be extended to the New York divorce judgment because his voluntary move to St. Croix, coupled with his failure to prosecute or defend his own divorce proceeding in New York, along with his initiation of a separate divorce action in St. Croix, are all acts which show that he had relinquished his New York domicile, thus depriving the New York Court of further jurisdiction over his person. As such, plaintiff continues, the New York Court could not affect his property rights. Plaintiff cites no legal precedent which supports his argument, nor could this Court find any. Indeed, the law is clearly contrary to plaintiff's position: "[I]f a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him by every subsequent order in the cause." Michigan Trust Company v. Ferry, 228 U.S. 346, 353 (1913). The rationale for this rule of continuing jurisdiction is clearly set forth in the Restatement (Second) of Conflicts, § 26, comment a, which provides as follows:

> The continuance of a state's judicial jurisdiction, once such jurisdiction has been obtained, is not dependent upon the constant

existence of some jurisdictional basis. Such a basis must exist at the initiation of the proceeding; it need not continuously do so thereafter. The extent to which jurisdiction continues under such circumstances depends primarily upon two factors: the needs of judicial administration and fairness to the defendant. It would be intolerable if an action could not proceed without the continued existence of some jurisdictional basis. If so, a non-resident defendant who had been personally served with process within the state could avoid the entry of a judgment against him by the simple expedient of withdrawing from the state. And a defendant domiciled in the state could do the same by moving his domicile elsewhere. On the other hand, it would be unfair to hold that a person, once he has been subjected to the jurisdiction of a court, remains subject to that jurisdiction in perpetuity and for all purposes. The rule is to the effect that, in the absence of the continued existence of some jurisdictional basis, the jurisdiction of a court once established, continues in the case of a defendant only as to proceedings which arise out of the original cause of action. In the case of a plaintiff, judicial jurisdiction may continue in other circumstances.

In the instant case, plaintiff submitted himself to the jurisdiction of the New York Court by initiating the action in New York. At the time he filed his divorce proceeding in New York, plaintiff resided in New York and had been living there for ten years.[2] Additionally, plaintiff and defendant had been married in Manhattan, New York[3] and the cause of action arose in New York.[4] All of the above facts clearly show that the New York Court had both personal jurisdiction over the plaintiff as well as subject matter jurisdiction.[5]

---

[2] Isaac v. Isaac, Supreme Court of New York State, County of Bronx, Index No. 3117/87, transcript of New York proceeding, p. 6.

[3] Id. at p. 6.

[4] Isaac v. Isaac, Supreme Court of New York State, County of Bronx, Index No. 3117/87, Finding of Fact No. 3.

[5] The subject matter jurisdictional prerequisites for a New York divorce are contained in section 230 of the Domestic Relations Law. The statute provides as follows:

An action to annul a marriage, or to declare the nullity of a void marriage, or for divorce or separation may be maintained only when:

1. The parties were married in the state and either party is a resident thereof

Plaintiff could not, by removing himself from New York and establishing a new domicile in St. Croix, deprive the New York forum, which he himself had originally chosen, of jurisdiction over his person. Plaintiff having submitted himself to the jurisdiction of the New York Court and that court having validly retained jurisdiction over his person, he must now be bound by its determination.

Plaintiff has raised no due process arguments and this Court therefore need not discuss that issue but shall do so briefly. The Court notes that the evidence shows the plaintiff left New York without leaving a forwarding address. He failed to attend the April 4, 1988 hearing in New York although he had been advised by his New York attorney, that the hearing would be held on that day. Technically, when he failed to appear, he was in default. Yet, the New York Court granted plaintiff an additional thirty days to appear and defendant served plaintiff by certified mail at both his last known address in New York and at the office of plaintiff's St. Croix Attorney. Under the circumstances of this case, the method of notice used by defendant was reasonably calculated to notify plaintiff of the hearing in New York and to afford him an opportunity to be heard. See Mullane v. Central Hanover Bank and Trust Company, 339 U.S. 306 (1950).

■ The requirements for a valid judgment having met, and plaintiff having been given that process which he was due, this Court shall recognize and enforce the New York divorce judgment.

### B. *The $3,500.00 Excess Relief Received*

■ As stated earlier, the New York Court awarded defendant the sum of $3,500.00 as reimbursement for wedding expenses, a relief which she had not requested in her counterclaim. As such, defendant

---

when the action is commenced and has been a resident for a continuous period of one year immediately preceding, or

2. The parties have resided in this state as husband and wife and either party is a resident thereof when the action is commenced and had been a resident for a continuous period of one year immediately preceding, or

3. The cause occurred in the state and either party has been a resident thereof for a continuous period of at least one year immediately preceding the commencement of the action, or

4. The cause occurred in the state and both parties are residents thereof at the time of the commencement of the action, or

5. Either party has been a resident of the state for a continuous period of at least two years immediately preceding the commencement of the action.

New York Domestic Relations Law, § 230.

received relief in excess of the amount demanded. The judgment which defendant obtained on her counterclaim was a default judgment and New York law clearly provides that a default judgment "shall not exceed in amount or differ in type from that demanded in the complaint . . ." N.Y. Civ. Prac. L. & R. § 3215(b). Such a judgment, if granted, can be properly vacated and is not subject to enforcement. See Sanford v. Powers, 461 N.Y.S.2d 634 (1983). The Supreme Court recognized as early as 1891 that the full faith and credit clause of the United States Constitution does not demand that a judgment "which is in no way responsive to the issues tendered by the pleadings, and is rendered in the actual absence of the defendant, must be recognized as valid in the courts of any other state". Reynolds v. Stockton, 140 U.S. 254, 265 (1891).

■ This is so because an absent party is not properly notified of what judgment may be taken against him if the matter is not set out in the pleadings. It could well be, for example, that a party, viewing the pleadings and having no objections to the relief prayed for in the complaint being granted, may decide to refrain from action and let the legal system proceed without his appearance. If, however, matters not raised in the pleadings are considered at trial, this results in a denial of due process to the absent party because there was no notice. In such a case, that portion of the judgment which grants relief not requested in the pleadings cannot be enforced because it was granted without proper notification thereby depriving the absent party of an adequate opportunity to be heard. "A judgment rendered in violation of due process is indeed void and therefore need not be enforced under 28 U.S.C. 1738 or the full faith and credit clause of the Constitution". Fehlhaber v. Fehlhaber, 681 F.2d 1015 (5th Cir. 1982). In the case at bar, it is clear that defendant's counterclaim did not contain any request for reimbursement of the parties' wedding expenses. There was an utter lack of notification to plaintiff on this issue. As such, this Court cannot enforce that portion of the New York judgment which grants defendant relief in excess of that which she demanded in her counterclaim.

## CONCLUSION

For the reasons stated above, this Court shall extend full faith and credit to the New York divorce judgment except that portion of the judgment which grants defendant $3,500.00 in excess of the relief she requested from the New York Court. Accordingly, plaintiff's mo-

tion for a stay and to quash the writ of execution are denied and defendant may execute on her New York judgment of $18,014.00 minus that portion of judgment which is void.

## ORDER

THIS MATTER is before the Court on plaintiff's motion to stay the execution of a New York divorce decree registered in the Virgin Islands. The Court having entered a memorandum opinion on even date and being otherwise fully advised in the premises, it is hereby

ORDERED that plaintiff's motion to stay the execution of the New York divorce judgment and to quash the writ of execution be and the same is hereby DENIED, and it is further

ORDERED that the portion of the New York judgment awarding defendant the sum of $3,500.00 as reimbursement for wedding expenses is VOID and therefore shall not be accorded full faith and credit by this Court.