**JEFFREY PROSSER, Plaintiff**
**v.**
**MARGARET PROSSER, Defendant**

Fam. No. D210/1989

Territorial Court of the Virgin Islands

Div. of St. Croix

July 6, 1995

Winston A. Hodge, Esq., Hodge & Sheen, P.C., *for Plaintiff*

Andrew L. Capedeville, Esq., *for Defendant*

STEELE, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a Motion to Stay and Vacate Writ of Execution filed by the plaintiff, Jeffrey J. Prosser, on April 7, 1995 and the defendant's Opposition to plaintiff's Motion to Stay and Vacate Writ of Execution.

## FACTS

The plaintiff, Jeffrey J. Prosser, initiated this action for divorce by filing a Complaint on September 6, 1989. On February 14, 1990, a hearing was held in Chambers before the Honorable Eileen R. Petersen at which time the parties to the divorce worked out a Settlement Agreement. The Property Settlement Agreement was reduced to writing and was approved by the Court. The Court entered a Final Decree of Divorce on March 22, 1990 in which the written property Settlement Agreement was approved, incorporated, and merged by reference, and made a part of the Final Decree. The Court recognized and approved the legal responsibilities agreed to by the parties to this divorce and enumerated these responsibilities in its Findings of Fact and Conclusions of Law as

well as the Final Decree of Divorce. The Final Decree of Divorce ordered the plaintiff to make specific payments of money to the defendant in satisfaction of the Property Settlement Agreement between the parties. The Court ordered, "[t]hat commencing on the 14th day of February, 1990 and continuing until February 14, 1995, the husband shall pay to the wife the sum of $8,000.00 per month in two equal installments payable on the 1st and 15th of each month; on or before the 14th day of February, 1992, the husband shall pay to the wife the sum of $500,000.00; and on or before the 14th day of February, 1995, the husband shall pay to the wife the sum of $2,500,000.00." The Court further ordered ". . .that the Property Settlement Agreement shall be enforced by all legal and equitable remedies available for enforcement of a judgment, including, contempt."

The plaintiff failed to make the $2,500,000.00 payment due on or before February 14, 1995. The defendant filed a Praecipe on March 15, 1995, requesting the issuance of a Writ of Execution upon a judgment pursuant to V.I. CODE ANN. TIT. 5, § 471 (1967 & Supp. 1994). An Amended Praecipe was filed on April 11, 1995, adding another entity upon which the Writ was to be served, but making no substantive changes to the original document.

Following the issuance of the Writ of Execution, an Order granting the plaintiff's Motion to Stay Writ of Execution was granted on April 24, 1995. Motions to continue this matter filed by the plaintiff were granted on May 5, 1995 and May 25, 1995 respectively.

The Court must now decide whether to vacate the Writ of Execution entered by the Clerk of the Court on March 15, 1995. The plaintiff argues in his Motion to Vacate Writ of Execution that the Final Decree of Divorce which incorporated the Property Settlement Agreement was not a "judgment" of the Court and therefore a Writ of Execution could not be issued against him. The plaintiff further argues in his Supplemental Memorandum of Law In Support of Plaintiff's Motion to Stay and Vacate Writ of Execution that the Territorial Court lacked subject matter jurisdiction to enter a judgment in the amount of $3,480,000.00. For the following reasons the Motion to Vacate the Writ of Execution will be DENIED.

34

## DISCUSSION

### I. A Divorce Decree entered by the Territorial Court is a judgment of the Court

■ "Although the Territorial Court is not a Federal Court, it must conform to the Federal Rules of Civil Procedure where there is no local rule to the contrary." *Investigations Unlimited v. All American Holding Corp.*, 16 V.I. 524 (Terr. Ct. 1979); Rules of the Territorial Court, Rule 7. Rule 54(a) of the Federal Rules of Civil Procedure state clearly that a "judgment as used in (the Federal Rules of Civil Procedure) includes a decree and any order from which an appeal lies." There is no local rule to the contrary that establishes that a decree is not a judgment. With the procedural merger of law and equity in the federal and most state courts under the Rules of Civil Procedure, the term "judgment" has generally replaced "decree". Black's Law Dictionary 410 (6th ed. 1990).

> At one time, at least, a distinction was made between "judgment" and "decrees", the term "judgment" having been applied to the final judicial determination of the rights of the parties in an action at law, and the term "decree" having been applied to the final judicial determination of the rights of the parties in an action in equity. However, under modern practice statutes or rules in most jurisdictions, there is but one form of action for the enforcement of both legal and equitable causes of action, so that, in such jurisdictions, relief in all actions, whether of a legal or an equitable character is obtained by a judgment in the "civil action" of the Code. . . Under this concept, a "decree" is a "judgment" and is not to be distinguished therefrom in the absence of a statutory provision creating such distinction.

46 Am.Jur. 2d. Judgments § 2(1969).

The Virgin Islands Code makes no distinction between a decree and a judgment. On the contrary, the Virgin Islands Code uses the words decree and judgment interchangeably. See V.I. CODE ANN. tit. 16, §§ 108, 110, & 111 (1964 & Supp. 1994). Title 16, § 111 of the Virgin Islands Code makes it clear that a Divorce Decree is for all

35

intents and purposes a judgment of the Court. Title 16 V.I.C. § 111 entitled "Effect of Decree" states that:

> A *judgment* declaring a marriage void or dissolved by the action or claim of either party shall have the effect to terminate such marriage as to both parties, except that neither party shall be capable of contracting marriage with a third person, until the action has been heard and determined on appeal, and if no appeal be taken, until the expiration of the period allowed by law to take such appeal; and if he or she does so contract, such party shall be liable thereof as if such *judgment* had not been given; Provided, however, that the parties to an uncontested action to void or dissolve a marriage shall be capable of contracting marriage with a third person immediately after said *judgment* is declared. (emphasis added)

It is no mistake that the legislature referred to the effect of a divorce decree as a judgment throughout 16 V.I.C. § 111. It was the intent of the legislature to make it clear that "divorce decrees in the Virgin Islands are final, except that the parties may not remarry until an appeal has been taken or the time for appeal, thirty days has expired." 2 V.I. Op. A.G. 219.

 Further, the parties in the case now before the Court indicated at the Settlement Agreement Hearing held on February 14, 1990 in the Chambers of the Honorable Judge Eileen Petersen, that they understood that the Final Decree of Divorce with the Property Settlement Agreement incorporated therein would operate as a Judgment of the Court. The plaintiff's former counsel, Albert Sheen, Esq. indicated on the record that the defendant had a judgment, executed like any other judgment. The plaintiff indicated to the Court that he was in full agreement with what his attorney represented. The Court informed the parties that if both parties voluntarily agreed to the settlement agreement, it would be approved by the Court and be binding on the parties. The parties to this divorce action were given ample opportunity to reconsider any of the terms of the Property Settlement Agreement which they could not agree to, however both parties indicated on the record that they were satisfied with the agreement. The plaintiff, more than five years later, now claims that the defendant did not have a

judgment upon which a Writ of Execution can be had, although it is evident from the record of the hearing on February 14, 1990 that the plaintiff and his attorney understood that the Decree of Divorce with the incorporated Settlement Agreement was a valid judgment of the Court. The Final Decree of Divorce puts all parties on notice of its effect because it clearly states on page five:

> ORDERED, ADJUDGED AND DECREED that the terms and conditions of the Property Settlement Agreement are hereby ordered into effect forthwith and both parties are hereby ordered and directed to comply with such Property Settlement Agreement and with all terms and conditions stated therein, and *the Property Settlement Agreement shall be enforced by all legal and equitable remedies available for enforcement of a judgment,* including contempt. (emphasis added)

Title 5, § 471 of the Virgin Islands Code provides as follows:

> Subject to the provisions of the Federal Rules of Civil Procedure, the person in whose favor a judgment is given in the district court or the territorial court which requires the payment of money, the delivery of real or personal property, or either of them, may have a Writ of Execution issued for its enforcement, as provided in this Chapter.

No distinction is made in this section of the Code between a "judgment" and a "decree" or between a "money judgment" in an action for damages and any other kind of judgment. The plaintiff has been unable to point to any case or other authority for his proposition that a divorce decree is not a judgment subject to execution. In *Isaac v. Isaac,* 25 V.I. 36 (Terr. Ct. 1990), a Motion to Stay Execution and to Quash the Writ of Execution on a New York divorce registered in the Virgin Islands was denied. The New York court entered a divorce decree and judgment in favor of the defendant on her counterclaim since the plaintiff did not appear for the New York hearing. The defendant was allowed to execute on her New York judgment. If the Territorial Court of the Virgin Islands can recognize the judgment of a sister state and allow a Writ of Execution on a foreign divorce decree, clearly the Territorial Court of the Virgin Islands has the authority to issue a Writ of

Execution on a divorce decree entered by a judge of the Territorial Court. The plaintiff argued that there is no judgment of record against him, and absent a judgment of record, no Writ of Execution could issue against the plaintiff. However, the Court held in *Creque v. Creque,* 19 V.I. 408 (Terr. Ct. 1983), that a judgment does not have to be recorded in order to be enforceable and the recording of a judgment lien is not a prerequisite to an execution sale based on a valid unrecorded judgment. The defendant clearly has a valid judgment entered by the Court on March 22, 1990, and the Property Settlement Agreement that was merged into the divorce decree/judgment makes the terms of the agreement an integral part of the decree and enforceable as a part of the decree/judgment.

### II. On March 22, 1990, the Territorial Court had Subject Matter Jurisdiction to Enter a Judgment in the Amount of $3,480,000.00

■■ The plaintiff argues that this Court lacked subject matter jurisdiction over this divorce action, which he filed on September 6, 1989 because the "amount in controversy" in this divorce exceeds $200,000.00, which at the time was the limit on the amount of damages which could be sued for in civil matters in the Territorial Court. V.I. CODE ANN. tit. 4, § 76(a) (1967 E. Supp. 1994), provided in 1989:

> The territorial court shall have original jurisdiction concurrent with that of the district court in *all civil actions* wherein the *matter in controversy* exceeds the sum of $500.00, but does not exceed the sum of $200,000.00; to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, *divorce,* annulment and separation proceedings; to grant adoptions and changes of name; to establish paternity; to legitimize children and to make orders and decrees pertaining to the support of relations. (emphasis added)

Although, 4 V.I.C., § 76(a) as it read prior to 1991 granted the Territorial Court concurrent jurisdiction with the District Court in all civil actions wherein the matter in controversy exceeded the sum of $500.00, but did not exceed the sum of $200,000.00, the

Court is convinced that this amount in controversy limitation only applied to "pure" civil actions brought by a party seeking damages. The monetary limitations of 4 V.I.C. § 76 prior to 1991 relate to all civil actions where there is a *matter in controversy* (emphasis added). A matter in controversy is described as the subject of *litigation* (emphasis added). *Black's Law Dictionary* 987 (6th ed. 1990) Litigation refers to a suit at law in a civil matter. It was the clear intent of the legislature to place monetary limitations on those "pure" civil matters which seek an ascertainable amount of damages through a civil lawsuit. The legislature went on in 4 V.I.C. § 76(a) to list several causes of action over which the Territorial Court would have original jurisdiction concurrent with that of the District Court, without placing any monetary restrictions on when the Territorial Court could exercise its jurisdiction. The plaintiff contends that the monetary limitation included in the first sentence of 4 V.I.C. § 76(a) prior to 1991 was intended to be applied to all the causes of action listed in 4 V.I.C. § 76(a). The Court today rejects this argument and holds that the causes of action listed in 4 V.I.C. § 76(a) were not bound by the monetary limitation in the first sentence of that section. The Court finds that the causes of action listed in 4 V.I.C. § 76(a) are in fact the causes of action that, although civil in nature, would not be bound by the monetary limitations placed on "pure" civil causes of actions. The plaintiff's interpretation of 4 V.I.C. § 76(a) that it applies to divorce actions because it is one of the actions listed in 4 V.I.C. § 76(a), would suggest that this Court would somehow have to place monetary restrictions on exercising jurisdiction over all causes of action listed in that section, such as the appointing and supervising of guardians and trustees, juvenile matters, adoptions, changes of name, establishing paternity, legitimizing children, and making orders and decrees pertaining to the support of relations. The Court finds that the causes of action listed in 4 V.I.C. § 76(a) do not involve monetary amounts in controversy that the Court can consider before assuming jurisdiction. Surely, the plaintiff is not suggesting that the Territorial Court must look at the financial abilities of the parties to a cause of action and if the parties happen to be people of great financial ability, the court should not exercise jurisdiction over any cause of action listed in 4 V.I.C. § 76(a). The plaintiff's

39

reading of 4 V.I.C. § 76(a) is flawed and must be rejected as an erroneous interpretation of the legislature's intent in drafting the section.

■ The Territorial Court had concurrent jurisdiction with the District Court to hear and determine divorce matters in 1989. Concurrent jurisdiction is equal jurisdiction. It is that jurisdiction exercised by different courts at the same time, over the same subject matter and within the same territory, and wherein the litigants may, in the first instance, resort to either court indifferently. *Barron's Law Dictionary* 261 (3rd ed. 1991). The plaintiff initiated the action for divorce in the Territorial Court of the Virgin Islands in September of 1989. The plaintiff willingly submitted himself to the jurisdiction of this Court when he filed his action for divorce. The plaintiff cannot be heard to attack the validity of the Territorial Court's divorce decree or its binding effect upon him since he procured it and subjected himself to the jurisdiction of the Territorial Court in so doing. See *Sachs v. Sachs*, 4 V.I. 102, 265 F.2d 31 (3d. Cir. 1959), *Lorilland v. Lorilland* 5 V.I. 483, 358 F.2d 172 (C.A. 3d 1966), *Perrin v. Perrin*, 7 V.I. 21 (C.A. 3d 1969).

■ Once the Court established jurisdiction over this divorce, and entered its divorce decree, it had the authority under Title 16, § 109 of the Virgin Islands Code to further decree for: the future care and custody of any minor children of the marriage; child support; alimony; the delivery of personal property in control of either party at the time of giving the judgment; the appointment of trustees; or the name change of a wife. See *Rogers v. Rogers*, 14 V.I. 252 (Terr. Ct. 1977). The Court also has the jurisdiction in a divorce action to dispose of the marital homestead under V.I. CODE ANN tit. 33, § 2305 (d) (1994 & Supp. 1994). See *Charles v. Charles*, 21 V.I. 283 Terr. Ct. (1985). Since the parties to this divorce were able to enter into a property settlement agreement, the Court in its discretion had the authority to approve the settlement agreement and merge and incorporate the agreement into the Final Decree of Divorce. The Court could have incorporated and merged the settlement agreement in the Final Decree of Divorce by reference alone. However, it chose to include in its decree each and every element of the Settlement Agreement so that there could be no question that

40

the Court was "Ordering, Adjudging and Decreeing" that the parties abide by all of the terms of the Property Settlement Agreement. The separate grant of jurisdiction over divorces in 4 V.I.C. § 76(a), not limited in any way by an "amount in controversy" provision, clearly confers jurisdiction on the Territorial Court to put into effect a Settlement Agreement merged into a Divorce Decree. The Settlement Agreement once merged is made binding regardless of the value of the property divided by the settlement.

## CONCLUSION

 The Final Decree of Divorce entered by this Court on March 22, 1990, which approved, incorporated and merged by reference a Property Settlement Agreement entered into by the parties to this divorce, is a judgment of the Territorial Court subject to execution like any other judgment of the Court.

Title 4, § 76(a) of the Virgin Islands Code Annotated contains a separate statement conferring jurisdiction on the Territorial Court in divorce cases. That jurisdiction does not depend on the value of the property held by the married couple, or the amounts to be divided by the parties in accordance with a property settlement agreement.

Title 4, § 76(a) of the Virgin Islands Code Annotated as it existed in 1989-90 did not limit the Territorial Court's jurisdiction to hear divorce matters to the monetary limitations set by this section for civil law suits. Therefore, the Court had jurisdiction to enter a judgment as part of its Final Divorce Decree in the amount of $3,480,000.00 on March 22, 1990.

### ORDER

IN ACCORDANCE with the Memorandum Opinion of even date, it is hereby

ORDERED that the plaintiff's Motion to Stay and Vacate the Writ of Execution entered on March 15, 1995 is DENIED.